**THE DAYES LAW FIRM**
*A Professional Corporation*
3101 North Central Avenue, Suite 1100
Phoenix, Arizona 85012
TREY DAYES, No. 020805
SEAN C. DAVIS, No. 030754
seand@dayeslawfirm.com
Direct: (602) 288-1610 ext. 276

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Mark Silva,<br><br>          Plaintiff,<br><br>vs.<br><br>Grand Canyon University, a domestic non-profit corporation<br><br>          Defendants. | Case No.:<br><br>**COMPLAINT** |

This is an action for various violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

## NATURE OF THE CASE

1. Plaintiff Mark Silva suffered sex discrimination based upon his gender, male, by way of sexual harassment, and emotional distress inflicted upon him by Defendant, Grand Canyon University and their agents, specifically Defendant Beth Bax, who assaulted Mr. Silva. When Mr. Silva complained about the harassment, he was retaliated against through a corrective action plan and, eventually, his employment with Defendant was ended.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

3. All of the events or omissions giving rise to the claims alleged herein occurred in this District, so venue is proper pursuant to 28 U.S.C. § 1391(b).

4. The Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over the state law claims as they arise out of the same nexus of facts surrounding the federal claims.

5. Plaintiff filed a timely charge alleging, *inter alia*, sex discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on January 8, 2018, which was assigned charge number 540-2018-00649. The EEOC issued Plaintiff a Notice of Right to Sue on December 4, 2018.

6. Plaintiff has fully complied with all prerequisites to jurisdiction in this Court under Title VII.

## PARTIES

7. At all times material hereto, Plaintiff was and continues to be a resident of Maricopa County, Arizona.

8. At all times material hereto, Defendant Grand Canyon University is a university located in Phoenix, Arizona.

## FACTUAL BACKGROUND

9. Plaintiff was hired by Defendant Grand Canyon University ("GCU") on April 8, 2008 as an Enrollment Counseler.

10. On October 3, 2017, at a work conference in Las Vegas, NV, Plaintiff's supervisor, Beth Bax, grabbed Plaintiff's crotch and said "What happens in Vegas, stays in Vegas."

11. Shocked and embarrassed, Plaintiff walked away from Ms. Bax.

12. On October 10, 2017, Plaintiff confronted Ms. Bax about the assault that had occurred on October 3, 2017, and told her that he was having a hard time with what had happened and troubled by it.

13. Ms. Bax responded that she understood and that they could work through it together.

14. On November 1, 2017, Plaintiff was called into Ms. Bax's office and given a 30-day corrective action plan.

15. On November 2, 2017, Plaintiff received a called from Linda Lair in GCU's Human Resources Department.

16. Ms. Lair informed Plaintiff that he was being placed on a leave of absence.

17. On November 10, 2017, Plaintiff received a voicemail from Ms. Lair to call her back.

18. On November 13, 2017, Plaintiff left a message for Ms. Lair informing her of the assault that had occurred by Ms. Bax in Las Vegas.

19. Ms. Lair called Plaintiff back and they discussed the incident in detail.

20. At the end of the conversation, after Plaintiff had mentioned that he was not comfortable working with Ms. Bax, Ms. Lair said GCU had come to the same decision the previous Friday.  Ms. Lair then offered Plaintiff a severance on behalf of GCU.

## COUNT ONE
## SEX DISCRIMINATION

21. Plaintiff incorporates and adopts the above paragraphs as if fully set forth herein.

22. Defendant discriminated against Plaintiff in the terms and conditions of his employment on the basis of his sex in violation of Title VII as a result of discriminatory and hostile work environment created by their actions.

1  23. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a)(1)
2  provides in pertinent part, that it shall be unlawful employment practice for an employer:
3  [T]o…discharge any individual, or otherwise to discriminate against any individual with
4  respect to his compensation, terms, conditions, or privileges of employment because of such
5  individual's race, color, religion, or national origin…

6  24. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a)(2)
7  provides in pertinent part, that it shall be an unlawful employment practice for an employer:
8  [T]o limit, segregate, or classify his employees…in any way which would deprive or tend to
9  deprive any individual of employment opportunities or otherwise adversely affect his status as
10 an employee because of such individual's race, color, religion, sex, or national origin.

11 25. Plaintiff is a male and a member of a protected class of individuals entitled to
12 protection of Title VII.

13 26. Defendant has engaged in unlawful discrimination and unlawful employment
14 practices prohibited by 42 U.S.C. §§ 2000e-2(a)(1) & (2) including but not limited to:

15  a. Unwanted sexual touching and innuendos;
16  b. Not responding to Plaintiff's complaints about said touching and innuendos;
17  c. Placing Plaintiff on a corrective action plan as punishment for reporting the
18 infraction;
19  d. Severing Plaintiff's employment.

20 27. Plaintiff's sex, male, was the sole or motivating factor in Defendant's treatment
21 of Plaintiff.

22 28. As set forth above, at all relevant times Plaintiff was treated less favorably than
23 his female co-workers and was subject to continuing hostile work environment.

24 29. As a direct result of the hostile work environment, Plaintiff has suffered mental
25

and emotional distress, pain and suffering, humiliation and embarrassment.

30. By virtue of one, more or all of the foregoing violations of Title VII as alleged above, Plaintiff is entitled to preliminary and permanent equitable and injunctive relief, including, but not limited to, all seniority, benefits, and back pay.

31. By virtue of one, or all of the foregoing violations of Title VII as alleged above, Plaintiff has been damaged and suffered economic harm in the form of, but not limited to, lost wages and benefits, out-of-pocket expenses and monetary loss as well as non-economic damages all of which he is entitled to recover from Defendant plus pre-judgment interest, attorneys' fees and costs.

32. The actions of Defendant were done in reckless indifference to Plaintiff's federally protected rights and Plaintiff is therefore entitled to recover punitive damages and exemplary damages.

## COUNT TWO
## RETALIATION

33. Plaintiff incorporates and adopts the preceding paragraphs above as if fully set forth herein.

34. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides in pertinent part:

[I]t shall be an unlawful employment practice for an employer to discriminate against any of his employees…because he has opposed any practice made an unlawful employment practice by [Title VII] … or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII] …

35. Plaintiff has opposed practices made unlawful by Title VII and/or participated or otherwise engaged in activities protected by Title VII so as to be entitled to the protection of Title VII for such activity, including, but not limited to, making oral internal complaints of

1  unlawful discrimination and harassment.

2  36. After Plaintiff engaged in activity protected by Title VII, including but not
3  limited to, making internal complaints, Defendant engaged in unlawful retaliation and other
4  unlawful employment practices prohibited by 42 U.S.C. §§2000e-3(a), including, but not
5  limited to, one or more of the following acts or omissions:

6  a. Treating Plaintiff less favorably than similarly situated female employees.
7  b. Placing Plaintiff on a corrective action plan;
8  c. Severing Plaintiff's employment.

9  37. Plaintiff was retaliated against after he made an oral complaint to his supervisor
10 regarding unlawful discrimination and behavior.

11 38. As a direct result of the retaliatory action by St. Luke's, Plaintiff has suffered
12 damage to his career, mental and emotional stress, pain and suffering, humiliation and
13 embarrassment.

14 39. As a direct result of the retaliatory action by Defendants, Plaintiff has been out of
15 work and has suffered economic loss.

16 40. By virtue of one, more or all of the foregoing violations of Title VII as alleged
17 above, Plaintiff is entitled to preliminary and permanent equitable and injunctive relief,
18 including, but not limited to, all seniority, benefits, and back pay.

19 41. By virtue of one, or all of the foregoing violations of Title VII as alleged above,
20 Plaintiff has been damaged and suffered economic harm in the form of, but not limited to, lost
21 wages and benefits, out-of-pocket expenses and monetary loss as well as non-economic
22 damages all of which she is entitled to recover from Defendant plus pre-judgment interest,
23 attorneys' fees and costs.

24 42. The actions of Defendant were done in reckless indifference to Plaintiff's
25

federally protected rights and Plaintiff is therefore entitled to recover punitive and exemplary damages.

## **DAMAGES**

43. As a direct and proximate result of the breach of Plaintiff's rights in each of the above mentioned claims for relief, Plaintiff sustained and continues to sustain economic and non-economic injuries including, but not limited to, loss of income, benefits, mental anguish and emotional distress. Plaintiff is entitled to compensation for the harm and damages resulting from Defendants' unlawful acts.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

a. A declaration that Defendant has violated Title VII of the Civil Rights Act of 1964, as amended;

b. Preliminary and permanent injunctive relief against Defendants ordering Plaintiff's immediate reinstatement with all seniority, benefits, and back-pay; or in the alternative, providing Plaintiff with compensation and benefits she otherwise would have enjoyed through employment;

c. An award against Defendant for compensation for lost and future wages and benefits, including pre and post judgment interest;

d. An award against Defendant for all economic and non-economic damages;

e. Special damages to be proven at trial;

f. Punitive and exemplary damages to be proven at trial;

g. For Plaintiff's costs incurred in this action;

h. An award of attorneys' fees and costs pursuant to 42 U.S.C. §§ 1988 & 2000e-5(k); and

i. For such other and further relief as the Court deems just and proper.

Dated: February 27, 2019

Respectfully submitted,
**THE DAYES LAW FIRM PC**

By /s/ Sean C. Davis
   Trey Dayes
   Sean C. Davis

Attorneys for Plaintiff